# EXHIBIT A

# STATE OF NORTH CAROLINA

Mecklenburg County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name And Address Of Plaintiff 1 | |
| --- | --- |
| Anne E. Reid-Lamb | |
| 6729 Fairview Road, Suite E | |
| Charlotte | NC 28210 |

**GENERAL**
**CIVIL ACTION COVER SHEET**
☒ INITIAL FILING    ☐ SUBSEQUENT FILING

Rule 5(b), Rules of Practice For Superior and District Courts

Name And Address Of Plaintiff 2

*Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)*
Jenny L. Sharpe
6729 Fairview Road
Suite E
Charlotte     NC 28210

**VERSUS**

| *Telephone No.* | *Cell Telephone No.* |
| --- | --- |
| 704-365-3873 | 704-858-2581 |

| *Name Of Defendant 1* |
| --- |
| Time Warner Entertainment Company, Limited Partnership, d/b/a Time Warner Cable, Inc. |

| *NC Attorney Bar No.* | *Attorney E-Mail Address* |
| --- | --- |
| 13698 | sharpeattorney@gmail.com |

*Summons Submitted* ☒ Yes ☐ No

☒ Initial Appearance In Case     ☐ Change of Address

*Name Of Defendant 2*

*Name Of Firm*
Sharpe Law Office

*FAX No.*
704-365-3876

*Summons Submitted* ☐ Yes ☐ No

*Counsel for*
☒ All Plaintiffs   ☐ All Defendants   ☐ Only *(List party(ies) represented)*

☒ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

## TYPE OF PLEADING

*(check all that apply)*
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Answer/Reply (ANSW-Response)
- ☒ Complaint (COMP)
- ☐ Confession of Judgment (CNFJ)
- ☐ Counterclaim vs. (CTCL)
  - ☐ All Plaintiffs   ☐ Only *(List on back)*
- ☐ Crossclaim vs. (List on back) (CRSS)
- ☐ Extend Statute of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Answer (MEOT-Response)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Third Party Complaint *(List Third Party Defendants on Back)* (TPCL)
- ☐ Other: *(specify)*

## CLAIMS FOR RELIEF FOR:

*(check all that apply)*
- ☐ Administrative Appeal (ADMA)
- ☐ Appointment of Receiver (APRC)
- ☐ Attachment/Garnishment (ATTC)
- ☐ Claim and Delivery (CLMD)
- ☐ Collection on Account (ACCT)
- ☐ Condemnation (CNDM)
- ☐ Contract (CNTR)
- ☐ Discovery Scheduling Order (DSCH)
- ☐ Injunction (INJU)
- ☐ Medical Malpractice (MDML)
- ☐ Minor Settlement (MSTL)
- ☐ Money Owed (MNYO)
- ☐ Negligence - Motor Vehicle (MVNG)
- ☐ Negligence - Other (NEGO)
- ☐ Motor Vehicle Lien G.S. 44A (MVLN)
- ☐ Limited Driving Privilege - Out-of-State Convictions (PLDP)
- ☐ Possession of Personal Property (POPP)
- ☐ Product Liability (PROD)
- ☐ Real Property (RLPR)
- ☐ Specific Performance (SPPR)
- ☒ Other: *(specify)*
  Violation of Title VII of Civil Rights Act Sex Discrimination

**NOTE:** *Small claims are exempt from cover sheets.*

| *Date* | *Signature Of Attorney/Party* |
| --- | --- |
| 1/29/2010 | Jenny L. Sharpe |

**NOTE:** The initial filing in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a cover sheet or the filing must comply with G.S. 7A-34.1.

AOC-CV-751, Rev. 12/06, © 2006 Administrative Office of the Courts    (Over)

| No. | ☐ Additional Plaintiff(s) |
|-----|---------------------------|
|     |                           |
|     |                           |
|     |                           |
|     |                           |
|     |                           |
|     |                           |
|     |                           |
|     |                           |

| No. | ☐ Additional Defendant(s)    ☐ Third Party Defendant(s) | Summons Submitted |
|-----|---------------------------------------------------------|-------------------|
|     |                                                         | ☐ Yes ☐ No        |
|     |                                                         | ☐ Yes ☐ No        |
|     |                                                         | ☐ Yes ☐ No        |
|     |                                                         | ☐ Yes ☐ No        |
|     |                                                         | ☐ Yes ☐ No        |
|     |                                                         | ☐ Yes ☐ No        |
|     |                                                         | ☐ Yes ☐ No        |
|     |                                                         | ☐ Yes ☐ No        |

*Plaintiff(s) Against Whom Counterclaim Asserted*

|   |
|---|
|   |
|   |
|   |

*Defendant(s) Against Whom Crossclaim Asserted*

|   |
|---|
|   |
|   |
|   |

AOC-CV-751, Side Two, Rev. 12/06
© 2006 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

File No. 10 CVS 2209

Mecklenburg County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff |
| --- |
| Anne E. Reid-Lamb |

| Address |
| --- |
| 6729 Fairview Road, Suite E |

| City, State, Zip | | |
| --- | --- | --- |
| Charlotte | NC | 28210 |

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

**VERSUS**

| Name Of Defendant(s) |
| --- |
| Time Warner Entertainment, LP, d/b/a Time Warner Cable, Inc. |

| Date Original Summons Issued |
| --- |

| Date(s) Subsequent Summons(es) Issued |
| --- |

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
| --- | --- |
| Time Warner Entertainment, LP, d/b/a Time Warner Cable, Inc. | |
| c/o C T Corporation System, Registered Agent | |
| 150 Fayetteville Street, Box 1011 | |
| Raleigh                NC   27601 | |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served.  You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued 1-29-10 | Time 12:29 | ☐ AM ☒ PM |
| --- | --- | --- | --- |
| Jenny L. Sharpe, Esq. | | | |
| Sharpe Law Office | Signature | | |
| 6729 Fairview Road, Suite E | | | |
| Charlotte                NC  28210 | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT | Date Of Endorsement | Time | ☐ AM |
| --- | --- | --- | --- |
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | | ☐ PM |
| | Signature | | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial.  The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

STATE OF NORTH CAROLINA   IN THE GENERAL COURT OF JUSTICE
                          SUPERIOR COURT DIVISION
MECKLENBURG COUNTY                10 CVS 2209

```
ANNE E. REID-LAMB,                    )
                                      )
        Plaintiff,                    )
                                      )      COMPLAINT
    v.                                )   JURY TRIAL DEMANDED
                                      )
TIME WARNER ENTERTAINMENT             )
COMPANY, LIMITED PARTNERSHIP,         )
D/B/A TIME WARNER CABLE, INC.,        )
                                      )
        Defendant.                    )
                                      )
_____)
```

The Plaintiff, Anne E. Reid-Lamb, being duly sworn, alleges and says the following:

## STATEMENT OF FACTS

1.      The Plaintiff is an adult citizen and resident of Mecklenburg County, North Carolina. Plaintiff's date of birth is March 27, 1968.

2.      The Defendant, Time Warner Entertainment Company, Limited Partnership, doing business as Time Warner Cable, Inc., was, and continues to be a corporate business entity authorized to conduct and conducting business within the State of North Carolina, and was, and continues to be an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination Act, and under state law.

3.      At all times relevant to this complaint, Defendant was Plaintiff's employer and paid her annual salary and administered her employee benefits. For the majority of her

employment, her pay stubs bore the name Time Warner Cable. In or about August, 2009, her pay stubs bore the name Time Warner Entertainment. A copy of Plaintiff's last pay stub is attached and incorporated by reference hereto as "Exhibit A." Further, Defendant is a media and entertainment company that provides cable television systems and high speed data services. Based upon information and belief, Defendant's cable business consists of interests in cable television systems that provide video programming and high-speed data services to customers under the name Time Warner Cable.

4.     The corporate Defendant hired the Plaintiff during March, 2006, to work with its Human Resources Department located in Charlotte, North Carolina, as the Manager of Compensation for approximately 37,000 employees. In this capacity, Plaintiff reported directly to Mark Zirkle, Director of Compensation, and was peer to Jim Jensen (DOB: 5/2/73), Manager of Compensation. At the time of her employment by Defendant Plaintiff had had over 14 years experience in the areas of corporate human resources management and compensation.

5.     In April of 2007, Mark Zirkle was promoted to Senior Director and Jim Jensen was promoted to Director of Compensation. The position of Director of Compensation which Jensen assumed, however, was not posted and neither Plaintiff, who was qualified for the position, nor other similarly-situated qualified female employees and/or similarly-situated qualified employees over the age of 40 were allowed the opportunity to apply for the position. As a result of his promotion, Jim Jensen skipped the Senior Manager level and became Plaintiff's immediate supervisor.

6.    In September, 2007, Plaintiff and Jensen met to discuss her career development plan. During this meeting, Plaintiff and Jensen agreed that her plan would include development of management skills and placement in a leadership career track.

7.    In January, 2008, Defendant promoted Plaintiff to the position of Senior Compensation Manager, a position she held through the date of her termination of employment. As a Senior Compensation Manager, Plaintiff again reported directly to Jim Jensen.

8.    In or about December, 2008, Plaintiff advised Jensen that she had become pregnant and that she expected to be out on maternity leave during the months of July and August of 2009 and expected to return on September 1st of that year.

9.    On or about February 20, 2009, Jensen informed Plaintiff that he was taking her out of management and her leadership career track inasmuch as his manager, Paul Gilles, had expressed concerns to him about Plaintiff's ability to manage a team while she was out on maternity leave. As a result of this decision, Plaintiff was stripped of her former management and field support duties, despite the fact that she has a history of high performance ratings, and was placed into a special projects role with little opportunity for advancement. Based upon information and belief, Plaintiff's former duties as Senior Compensation Manager were assumed by Jason Cheney (DOB: 8/27/76) who, at age 32, was substantially younger than Plaintiff and had less experience than Plaintiff. Additionally, Plaintiff's former direct reports were assigned to Cheney.

10.    At the time that Jensen informed Plaintiff of the reorganization, Jason Cheney and his family were expecting the birth of twins. No concerns were expressed by either

Gilles or Jensen regarding Cheney's ability to manage his team while he was out on paternity leave.

11. On February 26, 2009, Plaintiff requested in writing that she be transferred to another team. Jensen, however, denied this request on March 3, 2009.

12. On March 4, 2009, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission styled, *Anne Reid-Lamb v. Time Warner Cable, EEOC Charge No. 430-2009-01675*, alleging that she had been demoted because of her sex and/or pregnancy and age in violation of Title VII of the Civil Rights Act of 1964, as amended. A copy of Plaintiff's charge of discrimination is attached and incorporated by reference hereto as "Exhibit B."

13. On March 5, 2009, Plaintiff complained to Jensen that she believed that she had been taken out of her management role because of her sex and because of her pregnancy. In response to Plaintiff's complaint of employment discrimination, Jensen told Plaintiff that she needed to stop "playing the female discrimination card" and that Paul Gilles was not "going to put up with any whining." Jensen further advised Plaintiff to get "over it," and that he and Mr. Gilles were not going to put up with any "pouting." Jensen also said that "whatever Paul wants, he gets."

14. Since becoming the Director of Compensation, Jim Jensen has created a sexually hostile working environment for Plaintiff and other similarly-situated female employees. In that regard, Jensen has referred to female members of the Corporate HR Leadership team in a derogatory manner and has used such terms as "bitch" and implied that one such leader was a "cunt" by verbalizing quote "she's a <blank> and it rhymes with blunt".

Jensen, however, does not speak about male members of the team in this manner. Instead, Jensen spends time socializing with the male members of his team, both at work and outside of work, and created a "soda time" where male employees are invited to join him, to the exclusion of female employees, to walk down the hall to the "Batman Room" for soft drinks in the afternoon of each workday. Additionally, on March 6, 2009, Tom Mathews, the EVP of Corporate Human Resources sponsored and condoned a party for Seth Feit, VP of Corporate Human Resources to celebrate his departure from corporate HR. At this "good-bye celebration", Jim Jensen wrote and presented a speech and presented a large picture of Seth Feit dressed as the swimmer Michael Phelps . During this departmental gathering, champagne was served and a lewd and sexually-charged song entitled the "Humpty Dance" was played and performed with pickles on a stick, despite the fact that Tom Mathews signed a copy of the Alcohol and Sexual Harassment Policies that are posted on the Company Intranet. A copy of the lyrics to the "Humpty Dance" is attached and is incorporated by reference hereto as "Exhibit C." The celebration was attended by approximately 50 Defendant Human Resources employees, including Heads of the HR Generalist team and the Corporate HR legal team.

15.    In addition, Defendant has engaged in a pattern of discrimination against Plaintiff and other similarly-situated female employees by its practice of circumventing its job posting requirements and by hand-selecting male employees to fill job vacancies, by its preference of developing males for promotional opportunities within the company to the exclusion of similarly-situated females, and by making multiple discriminatory compensation decisions which impair the ability of female employees, including Plaintiff,

to obtain pay increases, bonuses, and stock options that are comparable to their male peers.

16.     On April 29, 2009, Plaintiff amended her original charge of discrimination by adding an allegation that Defendant discriminated against females as a class by denying them promotional opportunities based upon gender and age. A copy of Plaintiff's amended charge of discrimination is attached and incorporated by reference hereto as "Exhibit D."

17.     On May 14, 2009, following the filing of her charge of discrimination, Plaintiff complained directly to corporate counsel for the Defendant, Kevin Smith, and Michele Roth, Human Resources specialist, regarding her belief that she had been subjected to discriminatory employment practices because of her sex, pregnancy and age and, that the Defendant engaged in a pattern of discriminatory employment practices in the areas of promotional opportunities and compensation on the basis of sex and age. During this meeting Plaintiff presented an analysis to Smith and Roth which supported her claims of sex and age discrimination. This analysis was based upon compensation data to which Plaintiff ordinarily had access as a member of Defendant's HR/Compensation team as she had responsibility for the Defendant's pay equity program. Notwithstanding her complaints, Plaintiff was subsequently advised that her complaints of employment discrimination could not be substantiated.

18.     On May 22, 2009, in a development meeting with Paul Gilles, GVP of Corporate Compensation and Benefits, Gilles told Plaintiff that if she did not want to work at Time Warner Cable that he had several external contacts and he could "make some calls" in

order to obtain interviews for her with people he knew outside of the company. In response to this comment, Plaintiff stated that she had no intention of leaving her employment with Defendant.

19.    On June 4, 2009, Plaintiff requested Jensen's permission to work from home one or two days per week as she was in the final weeks of her pregnancy. Jensen denied this request, stating that "our leadership frowns on formal telecommuting arrangements." Jensen, however, in the twelve-months preceding Plaintiff's request had worked from home on numerous occasions.

20.    On June 5, 2009, Plaintiff interviewed for an HR Director position which would have allowed her to transfer away from her then current supervisory chain, and be compensated comparably to Jim Jensen. Since the date of that interview through the date of her termination, however, Plaintiff did not receive any further correspondence concerning that position.

21.    On August 19, 2009, while out on maternity leave, Gilles sent an email to Plaintiff stating that he would be glad to assist her in applying for an open position within corporate HR, outside of compensation as a lateral move, in accordance with his previous offer to move Plaintiff out of her position. A copy of Gilles's email to Plaintiff is attached and incorporated by reference hereto as "Exhibit E."

22.    Since September 1, 2009 and through the date of her termination of employment, Plaintiff was frozen out of her role as Senior Compensation Manager. For example, upon her return to work, Plaintiff was not provided with new initiatives or assignments nor did she receive guidance or update sessions from her immediate supervisors despite the fact

that she had requested them. As a consequence, Plaintiff was not made aware of her

department's direction or focus as such job-related information was purposely withheld

from her. Additionally, upon her return to work, Plaintiff was excluded from meetings

which she would have normally attended. For example, Mr. Jensen declined, did not

show up or, or "postponed" meetings with Plaintiff fourteen (14) times after her return

from maternity leave and did not communicate with Plaintiff regarding business issues in

person, except for the one instance in which Plaintiff was required to interview a

candidate for the Compensation Analyst position as mentioned in Paragraph 22 of this

Complaint. Mr. Jensen simply wanted to know Plaintiff's opinion of the candidate's

skills. Further, Paul Gilles refused to respond to Plaintiff's email correspondences to

him and refused to speak with Plaintiff about business issues following her return from

maternity leave.

23.     Following Plaintiff's return from maternity leave, Plaintiff learned that a

Compensation Analyst position had been posted and that the company was beginning to

interview applicants for this position. Based upon information and belief, the duties of

that position comprised most of Plaintiff's then current duties and the position reported

directly to Jim Jensen. In February, 2009, prior to the filing of Plaintiff's original charge

of discrimination, Jensen had advised Plaintiff that the Compensation Analyst position

would support Plaintiff's new role. During May, 2009, Gilles reiterated that this position

would report to Plaintiff.

24.     By correspondence dated September 8, 2009, Kevin Smith, in-house counsel for

the Defendant, demanded that Plaintiff's counsel return all confidential compensation

data and information Plaintiff had in her possession. Smith's letter threatened that if the "confidential" information was not provided by him by September 11, 2009, "the Company will pursue legal action compelling the return of its confidential information."

25.    In response to Smith's letter, counsel for Plaintiff returned the analyses and graphs Plaintiff had created in order to support her claims of discrimination, along with data from which her analysis was derived on September 14, 2009. Counsel for Plaintiff also cautioned that Plaintiff's "current supervisors should refrain from engaging in conduct that could be construed as retaliatory. In other words, Ms. Reid-Lamb should be included in all meetings in which she would ordinarily be invited to attend and should be given appropriate direction regarding her current job duties."

26.    By correspondence dated September 18, 2009, Kevin Smith reiterated Defendant's position regarding the purported confidentiality of the documents in question and requested "confirmation" that neither Plaintiff, her attorney or any third parties" had retained copies of any of the so-called confidential information.

27.    In response to Smith's September 18, 2009 letter, counsel for Plaintiff wrote on September 21st :

> ". . . please be advised that the Cohort Analysis, graphs and
> supporting data which I sent to you on September 14th , is
> information that was available to Ms. Reid-Lamb in her
> position as Senior Compensation Manager via the company's
> Lanshare. I am advised that she deleted her analysis and
> supporting data from her laptop computer and that she has

not retained copies of any of the documents which were
sent to you.

However, since Ms. Reid-Lamb's claims are before
the EEOC and inasmuch as we are contemplating litigation
of her Title vII claims, I believe you have an obligation to
preserve her analysis, as well as the data from which her
analysis was derived. Therefore, we request that you do not
destroy the information which we forwarded to you and that
you preserve all electronic data which pertain to the pay and
promotional disparities Ms. Reid-Lamb's analysis revealed."

28. On September 24, 2009, Janet Parker, Vice-President of Human Resources, and
Melissa Nunn, Senior Director of Human Resources, informed Plaintiff that she would be
suspended with pay for an indefinite period of time pending an investigation for
purportedly violating company confidentiality in connection with the analysis and graphs
Plaintiff had compiled to support her claims of employment discrimination. At this
meeting, Ms. Parker seized Plaintiff's computer and other assets (FOB, keys, and access
badge).

29. On October 5, 2009, Parker and Nunn advised Plaintiff that her employment
would be terminated effective immediately for purportedly having wrongfully accessed,
copied, and disclosed confidential compensation information. Plaintiff denies having
wrongfully accessed, copied, or disclosed confidential compensation information.

30. The compensation information Plaintiff allegedly accessed, however, was
information that was ordinarily available to Plaintiff in her role as a Senior Compensation

Manager and such information formed the basis of her complaints to Defendant management officials and legal counsel. Further, such information formed the basis of Plaintiff's sex and age discrimination claims which were pending before the EEOC and demonstrates that females in Defendant's Corporate Human Resources are paid less than men, despite the fact that said females are older in aggregate and have significantly more tenure than their male counterparts. As for Plaintiff individually, Plaintiff's analysis demonstrates that her male counterparts have received significantly greater base salary percentage increases over the years than Plaintiff.

31.  Plaintiff did not, and has not breached any duty of confidentiality regarding the subject compensation information as she did not, and has not, made any public disclosure of said information outside the confines of her present employment discrimination claims and in fact, has not attached such information to this Complaint in fear that Defendant will subject her to further retaliation by instituting a counterclaim against her.

32.  Prior to the filing of her original charge of discrimination, Plaintiff had not received any disciplinary warnings or reprimands regarding either her workplace conduct or her work performance. At all times relevant to this Complaint, Plaintiff's work performance met and exceeded the reasonable expectations of the Defendant for the positions held by her. For instance, for the 2008 performance review period, Defendant rated Plaintiff's overall job performance as "Outstanding."

33.  On September 28, and October 15, 2009, respectively, Plaintiff amended her original charge of discrimination by alleging that she had been the subject of retaliation as a result of activities protected by Title VII of the Civil Rights Act of 1964, as amended

and the Age Discrimination in Employment Act. Copies of Plaintiff's amended charges

of discrimination are attached and are incorporated by reference hereto as "Exhibit F"

and "Exhibit G," respectively.

34.     On November 18, 2009, the U.S. Equal Employment Opportunity Commission

issued its notice of right to sue to Plaintiff in the matter of EEOC Charge No. 430-2009-

01675.

35.     This Court has jurisdiction over the parties and over the subject matter of this

Complaint.

36.     All procedural prerequisites to the filing of this action have been fulfilled.

## FIRST CAUSE OF ACTION
### (Violation of 42 U.S.C. § 2000e, et seq. – Sex/Pregnancy Discrimination)

37.  Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 36 of

this Complaint.

38.  The corporate Defendant stripped Plaintiff of her duties and management

responsibilities as a Senior Compensation Manager and placed her into a special projects

role and has otherwise subjected her to disparate terms and conditions of employment,

including her unlawful termination, because of her sex/pregnancy in violation of Title VII

of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, *et seq*.

39.     As a direct and proximate result of the corporate Defendant's actions, Plaintiff

suffers, and continues to suffer present and future pecuniary losses, including, but not

limited to loss of wages, bonuses, employee stock option awards, medical and life

insurance and retirement benefits. In addition, Plaintiff has sustained, as a direct and

proximate result of Defendant's actions, damages in the form of emotional distress,
including, but not limited to humiliation, loss of professional reputation and standing,
anxiety and depression. Accordingly, Plaintiff is entitled to compensatory damages in an
amount in excess of Fifteen Thousand Dollars ($15,000.00).

40.    The corporate Defendant's decisions to discriminatorily demote and subsequently
terminate Plaintiff's employment because of her sex/pregnancy were willful and
intentional acts and were committed with malice and/or a reckless indifference to
Plaintiff's federally-protected rights. Accordingly, Plaintiff is entitled to have and
recover of the corporate Defendant punitive damages under 42 U.S.C. § 1981a in an
amount in excess of Fifteen Thousand Dollars ($15,000.00).

### SECOND CAUSE OF ACTION
**(Violation of Title VII of the Civil Rights Act of 1964, as amended – Sex Discrimination)**

41.    Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 40
of this Complaint.

42.    The corporate Defendant created a sexually hostile working environment for
Plaintiff and other similarly-situated female employees because of their gender  by
condoning, ratifying and sanctioning the misconduct of its male executive management
staff which misconduct includes, but is not limited to sexually-derogatory name-calling,
the sponsorship of a lewd and sexually-charged business event, and the exclusion of
female employees from networking opportunities provided to their male counterparts all
in violation of Title VII of the Civil Rights Act of 1964, as amended.

43. In addition, Defendant has discriminated against Plaintiff and other similarly-situated female employees on the basis of gender by its practice of circumventing its job posting requirements and hand-selecting male employees to fill job vacancies, by its preference of developing males for promotional opportunities within the company to the exclusion of similarly-situated females, and by making multiple discriminatory compensation decisions which impair the ability of female employees, including Plaintiff, to obtain pay increases and bonuses that are comparable to their male peers all in violation of Title VII. Additionally, males are allowed to "skip" levels where females are told that they must spend at least two years at each level before consideration for promotion. For example, both Jim Jensen and Jason Cheney skipped levels before being promoted into their current positions.

44. Defendant failed to take prompt and effective remedial action in response to Plaintiff's complaints of wide-spread sex discrimination.

45. Finally, Defendant terminated the employment of Plaintiff because of her sex in violation of Title VII.

46. As a direct and proximate result of the corporate Defendant's actions, Plaintiff suffers, and continues to suffer present and future pecuniary losses, including, but not limited to loss of wages, bonuses, employee stock option awards, medical and life insurance, and retirement benefits. In addition, Plaintiff has sustained, as a direct and proximate result of Defendant's actions, damages in the form of emotional distress, including, but not limited to humiliation, loss of professional reputation and standing,

anxiety and depression. Accordingly, Plaintiff is entitled to compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

47.     The corporate Defendant's treatment of Plaintiff and other similarly-situated female employees was willful and intentional and was committed with malice and/or a reckless indifference to Plaintiff's federally-protected rights. Accordingly, Plaintiff is entitled to have and recover of the corporate Defendant punitive damages under 42 U.S.C. § 1981a in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

### THIRD CAUSE OF ACTION
**(Violation of Title VII and the ADEA as amended by the Lilly-Ledbetter Fair Pay Act of 2009 – Discrimination in Compensation because of Sex and Age)**

48.     Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 46 of this Complaint.

49.     Plaintiff and other similarly-situated females have been subject to Defendant's practice of making multiple discriminatory compensation decisions for a period of at least two years. Defendant's discriminatory compensation decisions have impaired the ability of older female employees, including Plaintiff, to obtain pay increases and bonuses that are comparable to their younger male peers all in violation of Title VII and the Age Discrimination in Employment Act.

50. As a direct and proximate result of the corporate Defendant's actions, Plaintiff suffers, and continues to suffer present and future pecuniary losses, including, but not

limited to loss of wages, bonuses, employee stock option awards, medical and life insurance, and retirement benefits.

51.     The corporate Defendant's discriminatory compensation decisions were willful and intentional acts and were committed with malice and/or a reckless indifference to Plaintiff's federally-protected rights. Accordingly, Plaintiff is entitled to have and recover of the corporate Defendant punitive damages and/or liquidated damages under 42 U.S.C. § 1981a and the ADEA in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

## FOURTH CAUSE OF ACTION
### (Violation of 42 U.S.C. § 2000e, *et seq.* - Retaliation)

52.     Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 51 of this Complaint.

53.     The corporate Defendant denied Plaintiff employment opportunities, subjected her to disparate terms and conditions of employment, and terminated her employment in retaliation for her complaints about unlawful employment practices and for her participation in activities protected by Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended. Such actions, when viewed by a reasonable employee, were materially adverse in that Defendant's actions would dissuade any reasonable worker from making or supporting a complaint of employment discrimination.

54.     As a direct and proximate result of the corporate Defendant's actions, Plaintiff suffers, and continues to suffer present and future pecuniary losses, including, but not

limited to loss of wages, bonuses, employee stock option awards, medical and life insurance and retirement benefits. In addition, Plaintiff has sustained, as a direct and proximate result of Defendant's actions, damages in the form of emotional distress, including, but not limited to humiliation, loss of professional reputation and standing, anxiety and depression. Accordingly, Plaintiff is entitled to compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

55.    The corporate Defendant's retaliatory denial of employment opportunities to Plaintiff and the termination of her employment because of her participation in activities protected by Title VII were willful and intentional acts and were committed with malice and/or a reckless indifference to Plaintiff's federally-protected rights. Accordingly, Plaintiff is entitled to have and recover of the corporate Defendant punitive damages under 42 U.S.C. § 1981a in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

### FOURTH CAUSE OF ACTION
**(Violation of the Age Discrimination in Employment Act)**

56.    Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 54 of this Complaint.

57.    The corporate Defendant subjected Plaintiff to disparate terms and conditions of employment and terminated her employment because of her age and/or because of her opposition to unlawful employment practices in violation of the Age Discrimination in Employment Act.

58.     As a direct and proximate result of the corporate Defendant's actions, Plaintiff suffers, and continues to suffer present and future pecuniary losses, including, but not limited to back pay and front pay in the form of loss of wages, bonuses, employee stock option awards medical and life insurance, and retirement benefits.   Accordingly, Plaintiff is entitled to monetary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

59.     The corporate Defendant's conduct toward Plaintiff, including its decision to terminate her employment, were willful acts and were committed with a reckless indifference to Plaintiff's federally-protected rights.  Accordingly, Plaintiff is entitled to have and recover of the corporate Defendant liquidated damages under the Age Discrimination in Employment Act in an amount equal to the monetary damages proved by her at trial.

### FIFTH CAUSE OF ACTION
**(Wrongful Discharge - Violation of State Public Policy)**

60.     Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 59 of this Complaint.

61.     As expressed by N.C. Gen. Stat. § 143-422.2, it is the public policy of the State of North Carolina to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgement on account of race, religion, color, national origin, sex, age, or handicap by employers which regularly employ fifteen (15) or more employees.

62.     The corporate Defendant demoted Plaintiff, subjected her to disparate terms and conditions of employment, and terminated Plaintiff's employment because of her sex and/or age in contravention of express public policy declarations contained in N.C. Gen. Stat. § 143-422.2.

63.     The decision of the corporate Defendant to subject Plaintiff to disparate terms and conditions of employment and to terminate her employment constitutes sex and/or age discrimination within the meaning of and in violation of state public policy.

64.     As a direct and proximate result of the corporate Defendant's actions, Plaintiff suffers, and continues to suffer present and future pecuniary losses, including, but not limited to loss of wages, bonuses, employee stock option award, medical and life insurance, and retirement benefits. In addition, Plaintiff has sustained, as a direct and proximate result of Defendant's actions, damages in the form of emotional distress, including, but not limited to humiliation, loss of professional reputation and standing, anxiety and depression. Accordingly, Plaintiff is entitled to compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

65.     The corporate Defendant's discriminatory treatment of Plaintiff, including the termination of her employment, because of her sex and/or her age were willful and intentional acts and were committed with malice and/or a reckless indifference to Plaintiff's state-protected rights. Accordingly, Plaintiff is entitled to have and recover of the corporate Defendant punitive damages under state law in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court to:

A. Grant a permanent injunction enjoining the corporate Defendant from engaging in unlawful employment practices, including the demotion, denial of employment opportunities and the termination of employment because of one's sex or age or because of one's participation in activities protected by federal law.

B. Order the corporate Defendant to make the Plaintiff whole by providing her with compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00) for the loss of present and future lost wages, bonuses, incentives, stock option awards medical and life insurance and retirement and other employment benefits, as well as for her emotional distress, anxiety, humiliation, and loss of reputation caused by the acts of the Defendant.

C. Order the corporate Defendant to pay to the Plaintiff punitive damages and/or liquidated damages under federal and state law in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

D. Award Plaintiff her reasonable costs and attorney fees incurred in this action.

E. Grant such further and different relief to the Plaintiff as the Court deems necessary and proper under the circumstances.

## JURY TRIAL DEMANDED

The Plaintiff demands a jury trial regarding the matters alleged herein.

This the 26th day of January, 2010.

*Jenny L. Sharpe*

Jenny L. Sharpe, Esq.
Attorney for Plaintiff
N.C. State Bar No. 13698

*Tamara W. Brooks*

Tamara W. Brooks, Esq.
Attorney for Plaintiff
N.C. State Bar No. 24139

6729 Fairview Road
Post Office Box 473306
Charlotte, NC 28247-3306
Telephone: (704) 365-3873
Facsimile: (704) 365-3874
Email: sharpeattorney@gmail.com
Email: lawbrooks@bellsouth.net

**STATE OF NORTH CAROLINA** )

)      <u>**VERIFICATION**</u>

**MECKLENBURG COUNTY** )

)

—————————————————— )

ANNE E. REID-LAMB, being duly sworn, deposes and says:

She is the Plaintiff in the foregoing civil action; that she has read the
Complaint filed in this action; that the allegations contained in that document are true and
are based upon her own knowledge and belief; and as to those matters and things stated in
her Complaint upon information and belief, she believes them to be true.

This the 26th day of January, 2010.

_Anne S. Reid-Lamb_
/ANNE E. REID-LAMB

Sworn to and subscribed before me
this the 26 day of January 2010.

_Dana D Craig_
Notary Public

My commission expires: 8/24/2011

*[Notary seal: DANA D CRAIG — NOTARY PUBLIC — MECKLENBURG COUNTY, NC]*

**EXHIBIT A**
**Reid-Lamb v. Time Warner Entertainment Co., Limited Partnership**

**Time Warner Entertainment**
50 Columbus Circle
New York, NY 10023

| Pay Group: | SSE-Corporate Salaried Bi Weekly | Business Unit: DB04A |
|---|---|---|
| Pay Begin Date: | 09/04/2009 | Advice #: 000000013933563 |
| Pay End Date: | 09/17/2009 | Advice Date: 09/17/2009 |

Anne E. Reid

| Employee ID: 1091065 | | TAX DATA: | Federal | NC State |
|---|---|---|---|---|
| Department: | 00500450-Human Resources-Charlotte Corp | Marital Status: | Single | H-of-H |
| Location: | Charlotte | Allowances: | 4 | 3 |
| Pay Rate: | $57.761418 Hourly | Addl. Pct.: | | |
| | | Addl. Amt.: | | |

### HOURS AND EARNINGS

| | | --------- Current --------- | | ----------- YTD ---------- | | TAXES | | |
|---|---|---|---|---|---|---|---|---|
| Description | Rate | Hours | Earnings | Hours | Earnings | Description | Current | YTD |
| Reg-Sal | | 72.00 | 4,158.82 | 1,056.00 | 60,619.79 | Fed Withholding | 768.32 | 16,626.82 |
| Hol-Sal | 57.761418 | 8.00 | 462.09 | 40.00 | 2,279.94 | Fed MED/EE | 65.60 | 1,338.50 |
| Sick-Sal | | 0.00 | | 233.00 | 13,458.41 | Fed OASDI/EE | 280.51 | 5,723.25 |
| Vac-Sal | | 0.00 | | 39.00 | 2,252.69 | NC Withholding | 269.00 | 5,450.00 |
| Pers-Sal | | 0.00 | | 16.00 | 924.19 | | | |
| nBnsTWCIP | | 0.00 | | | 14,834.36 | | | |

| Total: | | 80.00 | 4,620.91 | 1,384.00 | 94,369.38 | Total: | 1,383.43 | 29,138.57 |

| BEFORE-TAX DEDUCTIONS | | | AFTER-TAX DEDUCTIONS | | | OTHER BENEFITS | | |
|---|---|---|---|---|---|---|---|---|
| Description | Current | YTD | Description | Current | YTD | Description | Current | YTD |
| Group Insurance | 128.26 | 2,308.68 | Dependent Life | 1.05 | 8.40 | Basic Life Insurance* | 31.10 | 247.20 |
| 01k Contribution | 277.25 | 4,772.03 | Group Universal Life | 4.22 | 71.14 | Dependent Life* | 0.49 | 2.52 |
| | | | | | | 401k Company Match | 184.84 | 3,181.50 |

| tal: | 405.51 | 7,080.71 | Total: | 5.27 | 79.54 | * Taxable | | |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | | NET PAY |
|---|---|---|---|---|---|---|
| Current: | 4,620.91 | 4,246.59 | 1,383.43 | 410.78 | | 2,826.70 |
| YTD: | 94,369.38 | 87,538.39 | 29,138.57 | 7,160.25 | | 58,070.56 |

| VACATION HOURS | | SICK HOURS | | PERSONAL HOURS | | NET PAY DISTRIBUTION | |
|---|---|---|---|---|---|---|---|
| | YTD | | YTD | | YTD | | |
| Projected Annual Accrual and | 120.00 | Available Balance | 0.40 | Projected Annual Hours | 16.00 | Advice #000000013933563 | 2,826.70 |
| Prior Year Carry Over Hrs* | | | | Available Balance | 0.00 | | |
| Current Balance** | 31.00 | | | | | Total: | 2,826.70 |

ewhires and CA based Employees
Current Balance = Hours Earned - Hours Taken +/- Hours Adjusted + Prior Year Carry Over

SSAGE:

ne Warner Entertainment
Columbus Circle
w York, NY 10023

Date
09/17/2009

Advice No.
13933563

osit Amount: **$2,826.70**

| DIRECT DEPOSIT DISTRIBUTION | | |
|---|---|---|
| Account Type | Account Number | Deposit Amount |
| Checking | xxxxxxxx8961 | 2,826.70 |
| | | |
| | | |
| | | |
| | | |
| | Total: | 2,826.70 |

The
ount(s) Of

1136 · 1269 51711R11.pcl

001269

NON-NEGOTIABLE

**EXHIBIT B**
Reid-Lamb v. Time Warner Entertainment Co., Limited Partnership

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 430-2009-01675 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Anne E. Reid-Lamb** | **(704) 341-1635** | **03-27-1968** |

| Street Address | City, State and ZIP Code |
|---|---|
| **15106 Glenfinnan Drive, Charlotte, NC 28277** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **TIME WARNER CABLE** | **500 or More** | **(704) 731-3000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **7910 Crescent Executive Drive, Charlotte, NC 28217** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN <br> ☐ RETALIATION ☒ AGE ☐ DISABILITY ☐ OTHER (Specify below.) | Earliest **03-03-2009**   Latest **03-04-2009** <br> ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired around March 2006 as Compensation Manager. Around January 2008, I was promoted to Senior Compensation Manager by Mark Zirkle, Senior Director of Compensation. During my employment, I noted that Jim Jensen, Director of Compensation, (male, 36 years of age), would take a daily "soda time" with male co-workers to the exclusion of females. Around the middle of December 2008, I informed Jensen that I was pregnant. Around February 2009, Jim called Seepa Lee, Vice President Employee Relations (female): a *"Cunt"* in front of me and Jason Cheney, Manager Compensation (male, 33 years of age). On February 20, 2009, Jensen gave me an outstanding rating on my 2008 performance review. On February 26, 2009, Jensen denied me a transfer that I requested, for allegedly to be near my family, while I felt forced to escape the hostile environment Jensen had created in the workplace towards females and his favoritism towards males.

On March 3, 2009, Jim Jensen called me to a Compensation Team Structure meeting and informed me that my two direct reports would from now on report to Cheney. Cheney, who had a lower rating than I in 2008, has four years experience while I have 17 years experience.

II. No other reason for this demotion was provided by Jensen other than it's the way it is.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| **Mar 04, 2009** <br> Date     *[signature]* <br> Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 430-2009-01675 |

and EEOC

State or local Agency, if any

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

III. I believe that I have been discriminated against because of my Sex (female/pregnancy) in violation of Title VII of the Civil Rights Act of 1964, as amended and because of my age (40 years of age) in violation of the Age Discrimination in Employment Act of 1967.

2009 MAR -4 PM 1:32

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Mar 04, 2009**<br>Date     *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

**EXHIBIT C**
**Reid-Lamb v. Time Warner Entertainment Co., Limited Partnership**

**Lyrics to Humpty Dance**

Verse One: Humpty Hump (Shock G)
All right!
Stop whatcha doin'
'cause I'm about to ruin
the image and the style that ya used to.
I look funny
but yo I'm makin' money see
so yo world I hope you're ready for me.
Now gather round
I'm the new fool in town
and my sound's laid down by the Underground.
I drink up all the Hennessey ya got on ya shelf
so just let me introduce myself
My name is Humpty, pronounced with a Umpty.
Yo ladies, oh how I like to hump thee.
And all the rappers in the top ten--please allow me to bump thee.
I'm steppin' tall, y'all,
and just like Humpty Dumpty
you're gonna fall when the stereos pump me.
I like to rhyme,
I like my beats funky,
I'm spunky. I like my oatmeal lumpy.
I'm sick wit dis, straight gangsta mack
but sometimes I get ridiculous
I'll eat up all your crackers and your licorice
hey yo fat girl, c'mere--are ya ticklish?
Yeah, I called ya fat.
Look at me, I'm skinny
It never stopped me from gettin' busy
I'm a freak
I like the girls with the boom
I once got busy in a Burger King bathroom
I'm crazy.
Allow me to amaze thee.
They say I'm ugly but it just don't faze me.
I'm still gettin' in the girls' pants
and I even got my own dance
{Chorus:}
The Humpty Dance is your chance to do the hump

Do the Humpty Hump, come on and do the Humpty Hump
Do the Humpty Hump, just watch me do the Humpty Hump
Do ya know what I'm doin', doin' the Humpty Hump
Do the Humpty Hump, do the Humpty Hump
Verse Two:
People say "Yo, Humpty, you're really funny lookin'"
that's all right 'cause I get things cookin'
Ya stare, ya glare, ya constantly try to compare me
but ya can't get near me
I give 'em more, see, and on the floor, B,
all the girls they adore me
Oh yes, ladies, I'm really bein' sincere
'cause in a 69 my humpty nose will tickle ya rear
My nose is big, uh-uh I'm not ashamed
Big like a pickle, I'm still gettin' paid
I get laid by the ladies, ya know I'm in charge,
both how I'm livin' and my nose is large
I get stoopid, I shoot an arrow like Cupid,
I use a word that don't mean nothin', like looptid
I sang on Doowhutchalike, and if ya missed it,
I'm the one who said just grab 'em in the biscuits
Also told ya that I like to bite
Well, yeah, I guess it's obvious, I also like to write.
All ya had to do was give Humpty a chance
and now I'm gonna do my dance.
{Chorus}
Breakdown:
Oh, yeah, that's the break, y'all
Let me hear a little bit of that bass groove right here
Oh, yeah!
Now that I told ya a little bit about myself
let me tell ya a little bit about this dance
It's real easy to do--check it out
Verse Three:
First I limp to the side like my leg was broken
Shakin' and twitchin' kinda like I was smokin'
Crazy wack funky
People say ya look like M.C. Hammer on crack, Humpty
That's all right 'cause my body's in motion
It's supposed to look like a fit or a convulsion
Anyone can play this game
This is my dance, y'all, Humpty Hump's my name
No two people will do it the same
Ya got it down when ya appear to be in pain
Humpin', funkin', jumpin',
jig around, shakin' ya rump;

and when the dude a chump pump points a finger like a stump
tell him step off, I'm doin' the Hump.
{Chorus}
Black people, do the Humpty Hump, do the Humpty Hump
White people, do the Humpty Hump, do the Humpty Hump
Puerto Ricans, do the Humpty Hump, just keep on doin' the hump
Samoans, do the Humpty Hump, do the Humpty Hump
Let's get stoopid!
{Chorus}
Oh, yeah, come on and break it down
Outro:
Once again, the Underground is in the house
I'd like to send a shout out to the whole world,
keep on doin' the Humpty Dance,
and to the ladies,
peace and humptiness forever



**EXHIBIT D**
**Reid-Lamb v. Time Warner Entertainment Co., Limited Partnership**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | Amended |
| ☒ EEOC | 430-2009-01675 |

2009 APR 29 AM 10: 22

State or local Agency, if any

and EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Anne E. Reid-Lamb | (704) 341-1635 | 03-27-1968 |

| Street Address | City, State and ZIP Code |
|---|---|
| 15106 Glenfinnan Drive, Charlotte, NC 28277 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TIME WARNER CABLE | 500 or More | (704) 731-3000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7910 Crescent Executive Drive, Charlotte, NC 28217 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☐ RETALIATION   ☒ AGE   ☐ DISABILITY   ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 03-03-2009 | 03-04-2009 |

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired around March 2006 as Compensation Manager. Around January 2008, I was promoted to Senior Compensation Manager by Mark Zirkle, Senior Director of Compensation. During my employment, I noted that Jim Jensen, Director of Compensation, (male, 36 years of age), would take a daily "soda time" with male co-workers to the exclusion of females. Around the middle of December 2008, I informed Jensen that I was pregnant. Around February 2009, Jim called Seepa Lee, Vice President Employee Relations (female): a *"Cunt"* in front of me and Jason Cheney, Manager Compensation (male, 33 years of age). On February 20, 2009, Jensen gave me an outstanding rating on my 2008 performance review. On February 26, 2009, Jensen denied me a transfer that I requested, for allegedly to be near my family, while I felt forced to escape the hostile environment Jensen had created in the workplace towards females and his favoritism towards males.

On March 3, 2009, Jim Jensen called me to a Compensation Team Structure meeting and informed me that my two direct reports would from now on report to Cheney. Cheney, who had a lower rating than I in 2008, has four years experience while I have 17 years experience.

II. No other reason for this demotion was provided by Jensen other than it's the way it is.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| Mar 04, 2009 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
|---|---|
| Date   Charging Party Signature | |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 430-2009-01675 |

2009 APR 29 AM 10: 22

and EEOC

State or local Agency, if any

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

III. I believe that I have been discriminated against because of my Sex (female/pregnancy) in violation of Title VII of the Civil Rights Act of 1964, as amended and because of my age (40 years of age) in violation of the Age Discrimination in Employment Act of 1967.

IV. The Company discriminations against females as a Class by denying them promotions because of their gender.

Original Charge filed March 4, 2009.

2009 MAR -4 PM 1: 32

---

| | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. **SIGNATURE OF COMPLAINANT** |
| Mar 04, 2009 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date    Charging Party Signature | |

**EXHIBIT E**
Reid-Lamb v. Time Warner Entertainment Co., Limited Partnership

**Reid, Anne**

| | |
|---|---|
| **From:** | Gilles, Paul |
| **Sent:** | Wednesday, August 19, 2009 10:27 AM |
| **To:** | Reid, Anne |
| **Subject:** | Re: |

We spoke about you having an interest to broaden your skills. Seepa has an opening that seems to fit your background and would broaden your skill set.

Have you seen that job? I can email it to you if you do not have network access.

**From:** Reid, Anne
**To:** Gilles, Paul
**Sent:** Wed Aug 19 09:31:24 2009
**Subject:** RE:
Good. Yes.

**From:** Gilles, Paul
**Sent:** Wed 8/19/2009 7:50 AM
**To:** Reid, Anne
**Subject:**

How are you?

Are you checking email?

1



**EXHIBIT F**

**Reid-Lamb v. Time Warner Entertainment Co., Limited Partnership**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 430-2009-01675 |
| | | and EEOC |

| State or local Agency, if any |
|---|

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Anne E. Reid-Lamb | (704) 341-1635 | 03-27-1968 |

| Street Address | City, State and ZIP Code |
|---|---|
| 15106 Glenfinnan Drive, Charlotte, NC 28277 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TIME WARNER CABLE | 500 or More | (704) 731-3000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7910 Crescent Executive Drive, Charlotte, NC 28217 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN | Earliest: 03-03-2009   Latest: 03-04-2009 |
| ☐ RETALIATION ☒ AGE ☐ DISABILITY ☐ OTHER *(Specify below.)* | ☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

See attached amended charge which was received on September 28, 2009.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date          Charging Party Signature | |

**AMENDED CHARGE OF DISCRIMINATION**
This form is affected by the Privacy Act of 1974; see Privacy Act
Statement on reverse before completing this form.

ENTER CHARGE NUMBER
☐ FEPA
☒ EEOC **430-2009-01675**

_____ and EEOC

(State or local Agency, if any)

| | | |
|---|---|---|
| NAME (Indicate Mr., Ms., or Mrs.) **Anne E. Reid-Lamb** | HOME TELEPHONE NO. (Include Area Code) **(704) 341-1635** | DATE OF BIRTH **3-27-68** |
| STREET ADDRESS **15106 Glenfinnan Drive** | CITY, STATE AND ZIP CODE **Charlotte, NC 28277** | COUNTY **Mecklenburg** |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME **Time Warner Cable** | NO. OF EMPLOYEES/MEMBERS **500+** | TELEPHONE NUMBER (Include Area Code) **(704) 731-3000** |
|---|---|---|
| STREET ADDRESS **7910 Crescent Executive Drive** | CITY, STATE AND ZIP CODE **Charlotte, NC 28217** | |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐RACE ☐ COLOR ☒ SEX ☐RELIGION ☐NATIONAL ORIGIN

☒AGE ☒RETALIATION ☐ DISABILITY ☐OTHER (Specify)

DATE MOST RECENT OR CONTINUING
DISCRIMINATION TOOK
PLACE: **3/3/2009 and continuing**
(Month, day, year)

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

**Please see attachment to charge of discrimination.**

RECEIVED
DIRECTOR
SEP 2 8 2009
Charlotte District Office
EEOC
CHARLOTTE, N.C.

| | |
|---|---|
| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and beliefs. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| **Anne E. Reid-Lamb** Date Charging Party Signature _Anne E. Reid-Lamb_ | (Day, month and year) 9.23.09 |

**Attachment to Amended Charge of Discrimination**
**Anne E. Reid-Lamb v. Time Warner Cable**
**EEOC Charge No. 430-2009-01675**

I. I make this amended charge to supplement and further amend a charge of discrimination filed by me on March 4, 2009. In addition to the sex and age discrimination allegations contained in my previous charge, which I specifically incorporate by reference hereto, I have been the subject of retaliatory action in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act.

II. Following the filing of my previous charge of discrimination, Paul Gilles, Vice-President of Compensation & Benefits stated to me in the context of my development meeting in May, 2009 that "if I did not want to work at Time Warner Cable, he had several external contacts and could make some calls on my behalf so that I could find another job outside the company. I declined Mr. Gilles's offer and told him I wanted to continue working for the company. Additionally, on August 18, 2009, Mr. Gilles sent an email to me while on maternity leave stating that he would be glad to apply for a position that is currently open in the employee relations function of corporate HR.

III. On June 5, 2009, I interviewed for an HR Director position which would allow me to transfer away from my current supervisory chain under Jim Jensen, Director of Compensation, and Paul Gilles. Since the date of my interview, I have not received any further correspondence concerning this position. It is my understanding from others in corporate HR that there were two external offers made which were declined by the candidates because neither wanted to relocate to Charlotte.

IV. Since my return from maternity leave, I have been frozen out of my role as Senior Compensation Manager. I have been provided with no new initiatives or assignments. While I have asked, I have not received any guidance or update sessions. As a result, I have not been made aware of my department's current direction or focus as information seems to have been withheld from me. Additionally, I have been excluded from meetings which I would normally attend. Paul Gilles refuses to respond to my email correspondence to him and has not spoken to me about business issues since my return from maternity leave three weeks ago.

V. Further, since my return from maternity leave, I have been made aware that a Compensation Analyst position has been posted and the company is beginning to interview applicants for this position. The duties of this position comprise most of my current duties and the position reports to Jim Jensen, Director of Corporate Compensation. Previously, in February, 2009, prior to the filing of my original charge, Jensen had advised me that the analyst position would support my new role. In May, 2009, Gilles reiterated that this position would report to me.

**Attachment to Amended Charge of Discrimination**
**_Anne E. Reid-Lamb v. Time Warner Cable_**
**EEOC Charge No. 430-2009-01675**

VI. Further, a male contractor, Terry (lnu) has been retained by the Compensation
Department as a Compensation Consultant. This individual has been assigned to assume a
special project that had previously been assigned to me. This contractor will report to Jim
Jensen.

VII. I have been warned via correspondence from the company's legal counsel that I
may not disclose to any third party, including the EEOC and my attorney, a Cohort analysis and
other documentation which supports my previous allegation that the company discriminates
against females as a class by denying them promotional opportunities and by perpetuating the
payment of disparate wages and salaries on the basis of gender. In sum, my analysis shows that
females in Corporate Human Resources are paid less than men, despite they are older in
aggregate and have significantly more tenure than their male counterparts. As for me
individually, my analysis shows that my male counterparts have received significantly greater
base salary percentage increases over the years than me.

VIII. On September 24, 2009, I was advised by Janet Parker, Vice-President of Human
Resources, and Melissa Nunn, Senior Director of Human Resources, that I would be suspended
with pay for an indefinite period of time pending an investigation for purportedly violating
company confidentiality in connection with the Cohort analysis and graphs I compiled. I believe
this action was taken to dissuade me from making and/or supporting my complaints of
employment discrimination.

IX. Based upon the foregoing facts and information, I allege that I have been subjected to
retaliation by my employer for having complained about and opposed discriminatory
employment practices and for having filed an administrative charge with the EEOC all in
violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in
Employment Act.

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

## EXHIBIT G
**Reid-Lamb v. Time Warner Entertainment Co., Limited Partnership**

**AMENDED CHARGE OF DISCRIMINATION**
This form is affected by the Privacy Act of 1974; see Privacy Act
Statement on reverse before completing this form.

ENTER CHARGE NUMBER
☐ FEPA
☒ EEOC **430-2009-01675**

_____ and EEOC
_____(State or local Agency, if any)_____

| NAME (Indicate Mr.; Ms., or Mrs.)<br>**Anne E. Reid-Lamb** | HOME TELEPHONE NO. (Include Area Code)<br>**(704) 341-1635** | DATE OF BIRTH<br>**3-27-68** |
|---|---|---|
| STREET ADDRESS<br>**15106 Glenfinnan Drive** | CITY, STATE AND ZIP CODE<br>**Charlotte, NC 28277** | COUNTY<br>**Mecklenburg** |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR
LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>**Time Warner Cable** | NO. OF EMPLOYEES/MEMBERS<br>**500+** | TELEPHONE NUMBER (Include Area Code)<br>**(704) 731-3000** |
|---|---|---|
| STREET ADDRESS<br>**7910 Crescent Executive Drive** | CITY, STATE AND ZIP CODE<br>**Charlotte, NC 28217** | |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ AGE  ☒ RETALIATION  ☐ DISABILITY  ☐ OTHER (Specify)

DATE MOST RECENT OR
CONTINUING
DISCRIMINATION TOOK
PLACE: **3/3/2009 and continuing**
(Month, day, year)

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

Please see attachment to charge of discrimination.

| I also want this charge filed with the EEOC.<br>Requirements)<br>I will advise the agencies if I change my address or telephone<br>number and I will cooperate fully with them in the processing<br>of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local<br><br>I swear or affirm that I have read the above charge and that it<br>is true to the best of my knowledge, information and beliefs. |
|---|---|

I declare under penalty of perjury that the foregoing is true
and correct.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

Anne E. Reid-Lamb
Date          Charging Party Signature

(Day, month and year)

*Anne E. Reid-Lamb*

10. 12 .09

***Attachment to Amended Charge of Discrimination***
***Anne E. Reid-Lamb v. Time Warner Cable***
***EEOC Charge No. 430-2009-01675***

I.  I make this amended charge to supplement and further amend a charge of discrimination filed by me on March 4, 2009.  In addition to the sex and age discrimination allegations contained in my previous charge, which I specifically incorporate by reference hereto, I have been the subject of retaliatory action in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act.

II.  Following the filing of my previous charge of discrimination, Paul Gilles, Vice-President of Compensation & Benefits stated to me in the context of my development meeting in May, 2009 that "if I did not want to work at Time Warner Cable, he had several external contacts and could make some calls on my behalf so that I could find another job outside the company.   I declined Mr. Gilles's offer and told him I wanted to continue working for the company. Additionally, on August 18, 2009, Mr. Gilles sent an email to me while on maternity leave stating that he would be glad to apply for a position that is currently open in the employee relations function of corporate HR.

III. On June 5, 2009, I interviewed for an HR Director position which would allow me to transfer away from my current supervisory chain under Jim Jensen, Director of Compensation, and Paul Gilles. Since the date of my interview, I have not received any further correspondence concerning this position.  It is my understanding from others in corporate HR that there were two external offers made which were declined by the candidates because neither wanted to relocate to Charlotte.

IV. Since my return from maternity leave, I have been frozen out of my role as Senior Compensation Manager.   I have been provided with no new initiatives or assignments. While I have asked, I have not received any guidance or update sessions.  As a result, I have not been made aware of my department's current direction or focus as information seems to have been withheld from me.  Additionally, I have been excluded from meetings which I would normally attend. Paul Gilles refuses to respond to my email correspondence to him and has not spoken to me about business issues since my return from maternity leave three weeks ago.

V.  Further, since my return from maternity leave,  I have been made aware that a Compensation Analyst position has been posted and the company is beginning to interview applicants for this position.  The duties of this position comprise most of my current duties and the position reports to Jim Jensen, Director of Corporate Compensation. Previously, in February, 2009, prior to the filing of my original charge, Jensen had advised me that the analyst position would support my new role.  In May, 2009, Gilles reiterated that this position would report to me.

*Attachment to Amended Charge of Discrimination*
*Anne E. Reid-Lamb v. Time Warner Cable*
*EEOC Charge No. 430-2009-01675*

VI. Further, a male contractor, Terry (lnu) has been retained by the Compensation Department as a Compensation Consultant. This individual has been assigned to assume a special project that had previously been assigned to me. This contractor will report to Jim Jensen.

VII. I have been warned via correspondence from the company's legal counsel that I may not disclose to any third party, including the EEOC and my attorney, a Cohort analysis and other documentation which supports my previous allegation that the company discriminates against females as a class by denying them promotional opportunities and by perpetuating the payment of disparate wages and salaries on the basis of gender. In sum, my analysis shows that females in Corporate Human Resources are paid less than men, despite they are older in aggregate and have significantly more tenure than their male counterparts. As for me individually, my analysis shows that my male counterparts have received significantly greater base salary percentage increases over the years than me.

VIII. On September 24, 2009, I was advised by Janet Parker, Vice-President of Human Resources, and Melissa Nunn, Senior Director of Human Resources, that I would be suspended with pay for an indefinite period of time pending an investigation for purportedly violating company confidentiality in connection with the Cohort analysis and graphs I compiled. I believe this action was taken to dissuade me from making and/or supporting my complaints of employment discrimination.

IX. On October 5, 2009, I was advised by Parker and Nunn that my employment would be terminated effective immediately for purportedly having wrongfully accessed, copied, and disclosed confidential compensation information. The compensation information that I accessed, however, was information that was made available to me as a Senior Compensation Manager and formed the basis of my sex and age discrimination claims.

X. Based upon the foregoing facts and information, I allege that I have been subjected to disparate terms and conditions of employment and that I have been fired in retaliation by my employer for having complained about and opposed discriminatory employment practices and for having filed an administrative charge with the EEOC all in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act. I further re-allege the facts that form the basis of my original charge of discrimination and all subsequent amendments thereto.

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

7009 0820 0000 6212 9769



UNITED STATES POSTAL SERVICE

1000    27601

U.S. POSTAGE
PAID
CHARLOTTE, NC
28226
JAN 29, 10
AMOUNT

$7.34
00044128-15

Time Warner Entertainment, L.P.
c/o C T Corporation System,
Registered Agent
150 Fayetteville St., Box 1011
Raleigh, NC 27601