# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-77-FDW-DCK

| | |
|---|---|
| ANNE E. REID-LAMB,           ) | |
|                              ) | |
|     Plaintiff,               ) | |
|                              ) | |
|     v.                       ) | **ORDER** |
|                              ) | |
| TIME WARNER ENTERTAINMENT    ) | |
| COMPANY, LIMITED PARTNERSHIP,) | |
| d/b/a TIME WARNER CABLE INC.,) | |
|                              ) | |
|     Defendant.               ) | |
| _____) | |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding the parties' dispute over discovery. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. At the parties' request, and pursuant to Judge Whitney's Standing Order, the undersigned held a second telephone conference today in an effort to resolve areas of disagreement between the parties regarding certain discovery issues. The purpose of this Order is to briefly set forth the Court's oral direction to the parties conveyed during the telephone conference.

The first area of disagreement related to documents pertaining to the Defendant's investigation. Specifically, the Plaintiff seeks production of: in-house counsel's notes regarding a "conclusion meeting" with the Plaintiff; charts and spreadsheets prepared by in-house counsel regarding this matter; and various e-mails which may or may not have involved in-house counsel. The Court has determined that these items are relevant for purposes of Rule 26 and should be produced, unless the Defendant is asserting attorney-client privilege or work product protection.

To the extent the Defendant declines to produce these items based on privilege, the Plaintiff will need to file a motion to compel to obtain a final resolution from the Court.

The second area of disagreement related to a number of personnel files in the custody of the Defendant. Generally speaking, the Plaintiff seeks production of these personnel files subject to Judge Whitney's Standing Protective Order based on one of several theories: (1) the personnel files pertain to certain male comparators; (2) the personnel files pertain to certain alleged victims of similar discrimination; or (3) the personnel files pertain to certain participants in Defendant's adverse employment decisions. As stated during the call, consistent with Rule 26, the Defendant is directed to produce the following personnel files subject to Judge Whitney's Standing Protective Order:

| | |
|---|---|
| Jensen | Cheney |
| Zirkle | Hilton |
| Hoffman | Foster |
| Jones | Poore |
| Huggins | Newman |
| Amshoff | Hess |
| Burns | Jolly |
| Matthews | Roth |
| Gilles | Parker |

The final area of disagreement related to certain documents pertaining to the existence of complaints. The question for the Court is whether the Defendant is required to produce such documents related only to the Charlotte location of Defendant, or in the alternative, whether the Defendant must also produce documents related to the Stamford, Connecticut and Herndon, Virginia locations. The Court is persuaded that the Defendant must produce responsive documents from all three offices and so directs.

**SO ORDERED**.

Signed: October 26, 2010

David C. Keesler
United States Magistrate Judge