IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-77-FDW-DCK

| | |
|---|---|
| ANNE E. REID-LAMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| TIME WARNER ENTERTAINMENT | ) |
| COMPANY, LIMITED PARTNERSHIP, | ) |
| d/b/a TIME WARNER CABLE INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel Discovery" (Document No. 28) filed November 2, 2010. "Defendant's Opposition To Plaintiff's Motion To Compel" (Document No. 32) was filed on November 23, 2010. Plaintiff filed a "Notice Of Intent Not To File Reply Brief" (Document No. 33) on December 8, 2010, five (5) days after the reply brief deadline.[1]

This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is ripe for disposition. Having fully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

At the parties' request, and pursuant to Judge Whitney's Standing Order, the undersigned held telephone conferences on October 14 and October 26, 2010, in an effort to resolve areas of disagreement between the parties regarding certain discovery issues, including those subject to the pending motion. Some areas of disagreement were resolved, but one set of issues was left open.

---

[1] "The filing of a reply brief is not mandatory. . . . If the party making the motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly in an electronically filed notice." Local Rule 7.1(E)(emphasis added).

Specifically, Plaintiff has been seeking, and now moves to compel, the production of documents responsive to Plaintiff's First Set of Interrogatories, Request No. 6, and Plaintiff's Second Request for Production of Documents, Request No. 6, including: (1) in-house counsel's 5/14/09 conclusion meeting notes; (2) undated charts and spreadsheets prepared by in-house counsel; and (3) certain emails; and (4) all interview notes in Defendant's privilege log. (Document No. 28). The Court's previous Order, stated as to the first three items:

> The Court has determined that these items are relevant for purposes of Rule 26 and should be produced, **unless the Defendant is asserting attorney-client privilege or work product protection**. To the extent the Defendant declines to produce these items based on privilege, the Plaintiff will need to file a motion to compel to obtain a final resolution from the Court.

(Document No. 27, pp.1-2)(emphasis added).

In response to the motion to compel, Defendant asserts that item #3 (certain emails), and item # 4 (interview notes), have been produced. (Document No. 32). Plaintiff has declined to file a reply confirming or denying said production, and the Court will assume these issues are resolved. The remaining questions before the Court therefore are whether in-house counsel's 5/14/09 conclusion meeting notes, and in-house counsel's charts and spreadsheets, are subject to Plaintiff's discovery requests.

Defendant asserts that these meeting notes, as well as the charts and spreadsheets, are protected by attorney-client privilege and the work-product doctrine. (Document No. 29, p.5). Plaintiff's motion to compel contends that by asserting a "Faragher-Ellerth" - style defense, Defendant has "implicitly waived both the attorney-client privilege and the work product doctrine." Id. (citing Reitz v. City of Mt. Juliet, 680 F.Supp.2d 888, 893 (M.D.Tenn. 2010)).

> The attorney-client privilege protects confidential communications between a lawyer and a client on matters relating to legal

> representation. The work-product doctrine, which is distinct from and broader than the attorney-client privilege, protects documents prepared by a lawyer in anticipation of litigation. "Fact" work product, which reflects information received by the lawyer, receives less protection than "opinion" work product, which reflects the lawyer's "mental impressions, opinions, conclusions, judgments, or legal theories." The client may waive either the attorney-client privilege or work-product protection "by conduct which implies a waiver of the privilege or a consent to disclosure."

Reitz, 680 F.Supp.2d at 891-892 (citations omitted).

Relying on Reitz, Plaintiff contends that "it is **anticipated** that these documents will be used as part of Defendant's defense in this case" and that "**[i]f** any of the information contained in these notes, spreadsheets, charts, or emails are to be used as part of Defendant's defense in this case, Defendant has waived the attorney-client privilege and the work product doctrine." (Document No. 29, p.6)(emphasis added). In opposition, Defendant repeatedly and clearly asserts that it does not intend to rely on the subject documents to defend its case, and therefore, concludes that there is no issue for resolution before the Court. (Document No. 32). The undersigned agrees with Defendant's position.

In Reitz, the issue was whether the defendant waived privilege and work-product protection by relying on an attorney-created report, based on an investigation including interviews with dozens of employees, that was subsequently attached to defendant's motion for summary judgment. "In cases of co-worker harassment, an employer can raise the Faragher-Ellerth affirmative defense, which requires the employer to show that it 'exercised reasonable care to prevent and correct promptly any sexually harassing behavior.'" Reitz, 680 F.Supp.2d at 892 (citing Gallagher v. C.H. Robinson Worldwide, Inc., 567 F.3d 263, 275 (6th Cir.2009)). The Reitz court opined that a party cannot use purportedly privileged documents as a sword by premising its Faragher-Ellerth defense on such documents, then later shield discovery of those same documents by asserting privilege or

3

work-product protection. Id.

The Court finds that Reitz does not support Plaintiff's motion in this case, but rather bolsters Defendant's opposition to the motion to compel. Unlike Reitz, there is no evidence that Defendant has used the documents Plaintiff seeks as support for any of its affirmative defenses, or that it intends to do so. As noted, Defendant expressly avers that it will not rely on these documents to defend this case. (Document No. 32). Moreover, Defendant makes persuasive arguments that (1) counsel's notes made in preparation for the May 14, 2009 conclusion meeting are attorney work-product prepared in anticipation of litigation; and that (2) the charts and spreadsheets represent privileged attorney-client communication and protected work-product. (Document No. 32, pp.7-9).

Based on the foregoing, the Court finds that Plaintiff's motion is without merit.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Compel Discovery" (Document No. 28) is **DENIED**.

Signed: December 9, 2010

David C. Keesler
United States Magistrate Judge